NUNN *v.* LYNCH.

Opinion delivered November 5, 1904.

LOST WILL—PROOF.—In a proceeding to establish a lost will, its contents must be proved by conclusive evidence.

Appeal from Woodruff Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

*J. F. Summers, Grant Green* and *E. M. CarlLee,* for appellants.

Fraud is proved. 33 Ark. 425. If one makes use of an official act to perpetrate a fraud upon another, he will be deprived of any benefit to himself to another's prejudice. 24 Ark. 40; 34 Ark. 220; 34 Ark. 291; 33 Ark. 575, 727. The testimony as to contents of the lost will was not admissible. 75 Ill. 315; 6 Wait, Actions & Def. 386; 4 Bibb, 553; 4 Wend, 543; 2 Hare & J. 112; 38 L. R. A. 448. The will was not proved by two witnesses, as required by law. 34 Ark. 462; Sand. & H. Dig. § 7445; 31 Ark. 175; 5 Ark. 491; 10 Wash. 555; 40 Conn. 587; 5 Pa. Dist. 127; 1 App. D. C. 107; 6 Abb. N. C. 234; 6 Denio, 31; 98 Cal. 86; 13 Lea, 658; 43 Pa. St. 407. There is no proof of the contents of the will. 27 Ark. 141; 52 Am. Dec. 785.

*Campbell & Stevenson,* and *P. R. Andrews,* for appellees.

The allegation of fraud should be clear, distinct and specific. 2 Black, Judg. 634. The probate court is a court of superior jurisdiction. 11 Ark. 519; 12 Ark. 84; 11 Ark. 604; 52 Ark. 341. The proceedings of the probate court are conclusive upon all questions until reversed or set aside by a direct proceeding for that purpose, however erroneous they may be. 31 Ark. 74. Jurisdictional facts will be presumed. 12 Am. & Eng. Enc. Law, 147. In a collateral proceeding the judgments of domestic courts of general jurisdiction are presumed to be within their jurisdiction, unless, from an inspection of the record, it can be clearly seen that they are without. 61 Ark. 474; 44 Ark. 426, 270; 47 Ark. 419; 53 N. Y. 600; 18 Wall (U. S.), 365; 117 U. S. 269; 87 Ala. 533; 60 Miss. 870. Judgments of a probate court are not subject to collateral attack. Sand. & H. Dig. § 7410; Const. art: 7, § 34; 40 Ark. 91. The record of the probate court is conclusive proof of the due execution of the will. 2 Black, Judg. § 635; 1 Freeman, Judg. § 319b. The contents of the will are amply proved. Thornton, Lost Wills, §·§ 88, 125; 1 L. R. P. D. 154; Thornton, Lost Wills, § 101. Declarations of the testatrix are admissible in an action to establish it as a lost will. 45 Hun, 107; 4 Den. 53; 17 Abb. (N. C.) 328. There was ample evidence to impeach the witness Fannie Chunn in addition to that of Kate W. Becton, and the findings of the chancellor will not be disturbed. 58 Ark. 129; 14 Ark. 503; 22 Ark. 79; 56 Ark. 37; 58 Ark. 452. The testimony offered to impeach witness James was incompetent. 50 Ark. 543; 51 Ark. 145; 29 Am. & Eng. Enc. Law, 800; 29 Ark. 141. The evidence as to the contents of the will is sufficient, and the statute as to the number of witnesses required to prove the contents of a lost will does not apply. Sand. & H. Dig. § 7445; 26 N. Y. 433, 439. A lost will may be established in any forum as a muniment of title. 33 Ark. 759. It is only necessary for the court to be sufficiently advised of the truth of the matter contained in record or paper lost or destroyed. 82 N. C. 46, 53. The contents of the will in this case are not proved for probate, but as the contents of a lost record, and the best evidence is admitted that is within the power of the party offering the proof. 1 Greenleaf, Ev. § 509; 70 N. C. 658; 74 N. C. 48; 73 Ill. 44; Thornton, Lost Wills, 146. The

statutory mode of restoring lost or destroyed records does not exclude other modes of proving their contents. Such statutes are in aid of the common law, and do not change the established rules of evidence. 19 Am. & Eng. Enc. Law (2d Ed.), 563; 62 Me. 480; 49 Mo. 337; 91 N. Car. 231; 98 N. Car. 284; 59 Texas, 473. The findings of the chancellor are supported by a preponderance of the evidence, and should be sustained. 42 Ark. 246; 49 Ark. 465; 44 Ark. 219. It must clearly appear that the finding of the chancellor is clearly erroneous, before the Supreme Court will reverse. 31 Ark. 85.

*J. F. Summers, Grant Green* and *E. M. CarlLee,* for appellants in reply.

This proceeding is a direct attack on the probate record, 49 Ark. 345; 54 Ark. 1.

HILL, C. J. This is a contest between the heirs at law of Sallie A. Becton and the devisees of John W. Becton over a tract of land in Woodruff County. Each side claims from Sallie A. Becton as the common source of title; the appellants under the statute of descents and distributions, and the appellees under two wills, the first that of Sallie A. Becton, which, it is claimed, devised all of her property to John W. Becton, her husband, and the second, which is undisputed, in which John W. Becton devised to the appellees. The determination of the case turns upon the alleged will of Sallie A. Becton. The record of the probate court shows that a will of Sallie A. Becton was probated, but does not show its contents. The will was not recorded, and was not produced, having been lost, and the evidence is parol to establish its terms and contents. The statutory requirements for the execution and probate of wills were almost entirely disregarded, and the utmost which can be said of the record evidence is that Sallie A. Becton made a will. The witnesses claiming knowledge of the contents of the will vary widely as to its contents, and therefore it is impossible to determine what was the last will of Sallie A. Becton.

The Maryland court aptly said: "The policy of the law has thrown around last wills and testaments as many, if not more, shields to protect them from frauds, impositions and undue influence than any mode of conveyance known to the law. Can ·

there be a doubt that in cases like the present, where the object is to establish the contents of a paper which has been destroyed, as and for a last will, that policy does require the contents of such paper to be established by the clearest, the most conclusive and satisfactory proof? We think not." *Rhodes* v. *Vinson,* 52 Am. Dec. 685.

Applying this salutary standard to the evidence here, it falls short of convincing, especially as no two of the witnesses give substantially the same evidence as to vital questions.

Therefore the case is reversed and remanded, with instructions to enter a decree in acordance herewith.