## KENADY *v.* GILKEY.

Opinion delivered December 17, 1906.

1. ATTACHMENT SALE.—CONFIRMATION.—Title does not pass under an attachment sale until confirmation by the court. (Page 152.)

2. HOMESTEAD—REDEMPTION BY WIFE.—A married woman, who redeems her husband's homestead from an attachment sale by means of the

rents and profits derived therefrom, acquired no title or lien, as against her husband, to which her assignee would be subrogated, (Page 152.)

3. LIMITATION OF ACTION—HUSBAND AND WIFE.—The statute of limitations does not run in favor of a married woman redeeming her husband's homestead from an attachment sale, at least until she obtains a divorce. (Page 152.)

4. HUSBAND AND WIFE—SUBROGATION.—A wife paying off an attachment lien on her husband's homestead out of the rents thereof is not entitled to be subrogated to the lien so discharged. (Page 152.)

5. EVIDENCE—LOST DEED.—Where a husband alleges that a deed was executed and delivered to him by his deceased wife and has been lost, he must prove such fact by clear and satisfactory evidence. (Page 152.)

Appeal from Perry Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

*Campbell & Stevenson,* for appellant.

1. Mrs. Kenady made and delivered to W. H. Kenady her warranty deed to the land in controversy. Acknowledgment of an instrument raises a presumption of its due execution, and is a fact entitled to be considered in determining whether there has been a delivery. 1 Cyc. 540. Her subsequent statement that he had taken the deed to his attorneys to examine shows delivery to him by her, and delivery passes title. 7 Ark. 505; 15 Ark. 538; 14 Ark. 286; 24 Ark. 244. Destruction of a deed by the grantor after it had been delivered will not revest title in the grantor. 33 Ark. 63; 34 Ark. 503; 37 Ark. 195; 42 Ark. 170; 43 Ark. 203; 52 Ark. 389. This court will sustain the findings of the chancellor unless they are clearly against the weight of the evidence. 42 Ark. 246; 49 Ark. 465; 44 Ark. 219; 31 Ark. 85.

2. Appellee Gilkey's cause of action is barred by the statute of limitations. Kirby's Digest, § 5056. The mere filing of a complaint in the office of the clerk is not sufficient to institute a suit. A summons must, in addition, be issued, and it must be delivered to the sheriff for service. 62 Ark. 406. The burden is on the plaintiff to show the suing out of the writ within the statutory period. 27 Ark. 343; 43 Ark. 136.

3. Appellant has acquired title to the land by adverse possession. Pierce's testimony is uncontradicted that he took possession of the land after the sheriff's sale, in May, 1891. Adverse possession, once proved, is presumed to continue until the

contrary appears. 34 Ark. 598; 38 Ark. 182. The intention of Mrs. Kenady to acquire title in her own right is manifest from her arrangement with Pierce, the purchaser at execution sale. Her contract with Pierce has the force and effect of a bond for title, and possession under a bond for title for the full period of limitations would bar a judgment, and is a good defense in equity. 31 Ark. 378, and cases cited.

4. The deed of Mrs. Kenady sufficiently describes the land intended to be conveyed. 40 Ark. 240; 65 Ark. 506; 68 Ark. 328; *Id.* 544; 70 Ark. 357; 73 Ark. 226.

5. Gilkey could only take the land subject to a lien of the appellant for $225, the amount paid by Mrs. Kenady to free the land from sale under execution. Her grantee would be subrogated to her lien.

*Sellers & Sellers* and *John M. Parker,* for appellees.

1. Gilkey's title was never divested out of him. Personal judgment can not be rendered on constructive service, nor is an execution authorized thereon. If there was an attachment suit against him, and a judgment *in rem* against the land, it should have been sold under order of the court, and the sale reported and confirmed. Kirby's Digest, § 385. The law authorizing judgments or the sale of property upon constructive service must be strictly complied with, and this fact must affirmatively appear of record. Kirby's Digest, § § 383, 3274, 3275, 3281, 6254; 71 Ark. 322; 55 Ark. 30.

2. If the sale was legally made, the land was merely redeemed by Mrs. Kenady for Gilkey's benefit. Pierce having never obtained a deed, the legal title remained in Gilkey; and since the payments made by Mrs. Kenady were derived from the rents of the land, no equitable title passed to her.

3. The statute of limitations could not run in favor of Mrs. Kenady before she was divorced from Gilkey. 30 Ark. 17. The burden of proving adverse possession is on him who alleges it. 40 Ark. 366.

4. The proof fails to establish a purchase by appellant; but on the contrary it shows that no deed was ever delivered. The burden of showing the transfer and its *bona fides* is upon the appellant.

5. The deed to the Gilkey tract is void for uncertainty. 35 Ark. 470; 48 Ark. 419; 34 Ark. 534; 41 Ark. 495; 60 Ark. 487; 68 Ark. 150.

6. If appellant ever had a deed, it was a voluntary gift from his wife, and a court of equity will not reform a voluntary conveyance, even if clearly shown to have been fairly obtained. 15 Ark. 533; 48 Ark. 421; 104 Wis. 81; 24 Am. & Eng. Enc. Law (2 Ed.), 653; 2 Am. Rep. 341.

7. One spouse can not convey the legal title in land directly to the other. 60 Ark. 70; 62 Ark. 26.

8. Husbands are not favored in the acquisition of their wives' property. Where the sale or gift is in issue, the husband must show that it was not imprudent on the wife's part, and that it was not unfairly procured by him. 20 Cyc. 1219; 10 Am. St. 339 note; 1 Am. St. 719; 51 Am. Rep. 281; 34 So. 320; 1 Block's Eq. § 125; 73 Ga. 275; 75 Ill. 446; 39 N. J. Eq. 215.

9. Testimony as to oral statements of, and transactions with, a deceased person is received with the closest scrutiny, and the courts lend an unwilling ear to such testimony. 17 Cyc. 808; 21 How. (U. S.), 493; 45 Am. St. 94; 46 Mo. 423; 53 Mo. 395.

McCULLOCH, J. This suit involves a tripartite controversy over the title to certain lands in Perry County, Arkansas.

Appellee, M. W. Gilkey, was formerly a resident of Perry County, and acquired title to the N. E. ¼ of S. W. ¼ and N. W. ¼ of S. E. ¼ sec. 36-4-21—80 acres—which we may hereafter refer to as the Gilkey tract. About the year 1890, while in possession of the land as a homestead, he left the country and left his wife in possession of the land; and she procured a divorce from him about 1899, intermarried with appellant, W. H. Kenady, on September 2, 1902, and died childless in June, 1903.

On May 9, 1891, the Gilkey land was sold under special execution in an attachment suit against Gilkey to one Z. J. Pierce, who, on October 22, 1891, entered into the following contract with Mrs. Gilkey concerning the same:

"This agreement, entered into this 22d day of October, 1891, by and between Z. J. Pierce and Mrs. A. M. Gilkey, witnesseth: That, whereas the said Z. J. Pierce holds a certificate of purchase at sheriff's sale to what is known as the M. W. Gilkey

farm in Perry County, Arkansas, now in possession of the said
A. M. Gilkey. Now, in consideration of the receipt of one half
of the rent of said farm until the sum of $225 has been collected
by him without interest, the said Z. J. Pierce agrees, when said
sum has been received by him, to execute to the said Annie M.
Gilkey a quitclaim deed to said farm. It is further agreed that
the division of the rent, as above stated, is to commence with the
year 1891, and to continue until the said sum of $225 has been
paid to Z. J. Pierce as above stated, and no further proceeding
taken under said certificate of purchase unless this agreement is
broken by said A. M. Gilkey."

On January 19, 1897, Pierce executed to Mrs. Gilkey a deed
purporting to convey the land to her.

Mrs. Gilkey owned another tract, containing 80 acres, which
is known as the Bates tract.

After the intermarriage of Mrs. Gilkey with appellant, and
her death, Gilkey commenced an action at law against appellant
to recover possession of the Gilkey tract; and J. C. Harkness and
other collateral heirs of appellant's wife commenced a similar
action against him to recover the Bates tract.

Appellant filed his answer in each case, claiming title to all
of said lands under a deed of conveyance alleged to have been
executed to him by his wife, Annie M. (Gilkey) on September 4,
1902, which said deed, he alleged, had been lost or destroyed,
and had not been recorded. In his answer in the Gilkey case he
also pleaded that he and his grantor had been in actual, adverse
possession of the land more than seven years next before the com-
mencement of the action.

By consent of all parties the two actions were consolidated
and transferred to the chancery court. Appellant then filed an
amendment to his answer, making it a cross-complaint, asking
that the alleged deed executed to him by his wife be reformed so
as to correct the imperfect description therein of the land con-
veyed.

The court rendered a final decree in favor of Gilkey for the
Gilkey tract, and in favor of appellant for the Bates tract.
Kenady and the plaintiffs in the Harkness suit appealed to this
court.

We are of the opinion that the decree was correct in award-

ing the Gilkey tract to appellee Gilkey. In the first place, no title passed to Pierce under the attachment sale, for the reason that the sale was never confirmed by the court which ordered it in the action against Gilkey. The judgment was rendered upon constructive service, an order of attachment was levied on the land, and the court ordered it sold to satisfy the debt, as provided by statute. The sale was made subject to confirmation, and title did not pass until the sale was confirmed by the court. Kirby's Digest, § 385; *Freeman* v. *Watkins,* 52 Ark. 446.

In the next place, the right of redemption existed for a period of one year after the sale. *Beard* v. *Wilson,* 52 Ark. 290. No deed was ever executed pursuant to the sale. The contract between Pierce and Mrs. Gilkey was entered into within that period, and was in effect only an agreement for redemption. The redemption money was paid out of the rents and profits of the land, and Mrs. Gilkey could not, by that means, acquire title to the land against her husband. It was her husband's homestead, and she remained in possession, which she had the legal right to do, and used the rents and profits in removing the incumbrance. Nor did the statute of limitation run in her favor, at least until she obtained a divorce. Until then her husband had no cause of action for recovery of the land.

Counsel for appellant contend that he should at least be subrogated to the lien of the judgment creditor on the land. They assert this right under the doctrine laid down in *Spurlock* v. *Spurlock,* 80 Ark. 37. In that case the right of subrogation was given because the earnings of the wife were used in discharge of a mortgage lien created by the husband on the homestead. That doctrine has no application here, because the money used in removing the incumbrance arose, not from the earnings of the wife or from her separate estate, but from the rents and profits of the homestead.

As to the Bates tract, we think that the chancellor reached the wrong conclusion from the evidence. The testimony is, in our opinion, insufficient to justify a finding that a deed was executed and delivered to appellant Kenady by his wife. He alleged that his wife did execute and deliver such a deed to him, and that it had been destroyed. It devolved upon him to prove

all these facts by clear and satisfactory evidence. *Nunn* v. *Lynch,* 73 Ark. 20; *Elyton* v. *Denny,* 108 Ala. 323.

The relationship between the parties to the deed, that of husband and wife, and the death of the grantor call with special force for the application of that rule, for such conveyances are viewed with some suspicion.

The only testimony in the case of a delivery of the deed is that of Kenady himself; and if his testimony was competent for that purpose (which we need not decide), it is far from satisfactory. He testified that when he obtained his license to marry Mrs. Gilkey he also procured a blank form of deed for her to convey the land to him, and that she executed and delivered the deed two days later. Yet it is shown by the testimony of another witness, who is entirely disinterested, that a month later both of them went to an attorney and procured the preparation of another deed for the same land which she never executed, and the same was found unexecuted after her death. The attorney testified that Mrs. Kenady stated to him in the presence of Kenady that the deed claimed to have been previously executed (and which he says then lacked the signature either of the grantor or the officer before whom it was to be acknowledged) was not satisfactory, and that she wanted to reserve the timber on the land. He testified also that Mrs. Kenady said to her husband after the deed had been prepared and handed to them, "I am going to keep these papers" (referring to the previously prepared deed and the one just handed to them), and that he replied, "Yes, that is our agreement." Now, this occurred after Kenady claims that the deed had been delivered to him, and is inconsistent with a previous consummated conveyance of the land. This testimony shows clearly that at that time neither of the parties understood that the title to the land had been vested in Kenady. He does not claim that a delivery of the deed was made to him after that time. He claims that the deed, after delivery, was kept in a wardrobe to which he and his wife both had access, and remained there until the death of his wife. No one ever saw it after the death of Mrs. Kenady, and its disappearance is not accounted for except by a surmise of Kenady, unsupported by evidence, that it was abstracted from the wardrobe by one of the collateral heirs and destroyed. Mrs. Kenady died in possession of the land, and the

testimony is far too unsatisfactory to justify us in declaring that the title had been divested under a lost unrecorded deed.

That part of the decree in favor of appellee M. W. Gilkey for the land known as the Gilkey tract is, therefore, affirmed; and that part of it in favor of W. H. Kenady for the Bates tract is reversed and remanded with directions to enter a decree for that tract in favor of the collateral heirs of Mrs. Kenady.