## PARAGOULD ABSTRACT & REAL ESTATE COMPANY *v.* COFFMAN.

### Opinion delivered November 6, 1911.

LIMITATION OF ACTIONS—PAYMENT OF TAXES ON WILD LANDS.—Payment of taxes on wild and uninclosed land for seven successive years, under color of title, three of said payments having been made after the passage of Kirby's Digest, sec. 5057, vests title in the person paying such taxes.

Appeal from Greene Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

This was a suit by the Paragould Trust Company against the Paragould Abstract & Real Estate Company to foreclose a mortgage upon certain lands and against M. R. Coffman, alleging that he claimed some kind of an interest in the lands, of the exact nature of which plaintiff was not informed. Coffman filed an answer and cross complaint, claiming ownership of the land, deraigning title from the Government to W. T. Sharp, and a conveyance by him on August 23, 1908, alleged the lands to be wild, uninclosed and unimproved, and that he had continuously for more than seven years paid the taxes on said lands, and pleaded his color of title and payment of taxes in bar to plaintiff's right, and prayed for the cancellation of the mortgage as a cloud upon his title.

The Trust Company answered, denying the ownership of Coffman, alleging that the Abstract Company was the owner of the land at the time of the execution of the mortgage to it and deraigning title thereto from the Government to W. T. Sharp, and from Sharp to the Abstract Company, and alleged that Coffman's deed from Sharp had not been placed of record at the time of the execution of the mortgage by the Abstract Company to it, and that it was an innocent purchaser from the said Abstract Company without any notice of Coffman's right or claim. To this answer Coffman replied, alleging that at the time the mortgage was executed by the Abstract Company to the Trust Company he was paying taxes on the lands; that he had continued the payments up to the time the suit was brought; that he had paid the taxes thereon for seven years; and that more than seven years had elapsed since the first payment; and pleaded the limitation in bar.

The testimony shows that all the parties deraigned title from the same grantor, W. T. Sharp, and his deed to Coffman was executed August 23, 1898, but not filed for record until September 28, 1907. The date of the deed from Sharp to the Abstract Company was January 16, 1905, and the mortgage from the Abstract Company to the Trust Company bears date of January 25, 1906. It appears that the Abstract Company first became aware of the claim by Coffman and he of the claim of said company in the summer of 1905, after Sharp's conveyance of the land to said company on January 18 of that year, and that about two years afterward Coffman's deed was placed of record, and about six months after the Abstract Company had notice of his claim an abstract of title to the property was prepared and the loan procured from the Trust Company upon the execution of the mortgage to it. The abstract showed a clear title from the Government to the Abstract Company, and no indication of any claim on the part of Coffman, and the loan was made. After the Abstract Company had information of Coffman's title, they again searched the records of the county for his deed, but were not able to find it, it not being recorded until September, 1907. It had the lands assessed upon the tax books in its name, and Coffman, discovering it, had the assessor to erase the name of the company and assess the land in his name, and complained to the Abstract Company, desiring to know why they were attempting to assess his land. This was the first that either knew of the claim of the other to the land, and occurred six or seven months after the date of the Sharp deed to the Abstract Company. Thereafter, the loan was applied for and made by the Abstract Company, upon an abstract of title furnished by its abstracter, who knew of the claim of title of Coffman, but who had not in fact notified the president of the Trust Company of the claim, and it was stipulated that the president of said Trust Company who made the loan was not advised and had no information of any claim of title by Coffman at the time the mortgage was taken. It further appeared that the lands were assessed for taxes, and the tax books and the records of tax receipts for Greene County show that it was assessed for taxes for the years 1898 to 1907, inclusive, and that M. R. Coffman, the appellee, paid the taxes thereon within the time required by

law for all of those years. It is also conceded that the land was wild, unimproved and uninclosed at the time of the purchase of Coffman from Sharp, and still remains so.

A decree was rendered, dismissing plaintiff's complaint as to Coffman for want of equity, and quieting his title to the land as against both the Abstract Company, mortgagor, and the Trust Company, and from this decree both of said companies have appealed.

*W. S. Luna* and *Huddleston & Taylor*, for appellant.

1. The payment of taxes under an unrecorded color of title is not notice to the world of a claim of ownership; and the registration laws are not repealed by the act of 1899 as to wild, unimproved land. Kirby's Digest, § 763; 43 Pac. 215; 20 Wis. 523; 78 Pac. 491; 74 Ark. 302; 70 *Id.* 256.

2. The Trust Company was an innocent purchaser for value and without notice. 49 Ark. 216-217.

3. Coffman is estopped. 22 L. R. A. 256.

4. The payment of taxes by Coffman were not adverse. 88 Ark. 395.

*Block & Kirsch.*

1. Appellee paid seven years' taxes on wild and unimproved land under §§ 505-7 of Kirby's Digest, before the complaint was filed, under color of title, and thereby acquired title. 83 Ark. 154; 74 Ark. 304; 78 *Id.* 75; 80 *Id.* 75; 81 *Id.* 296; 83 *Id.* 522; 89 *Id.* 300; 90 *Id.* 420; 132 S. W. 456.

*M. P. Huddleston,* in reply.

There is no question of estoppel involved. 51 Kan. 222; 32 Pac. 816.

Kirby, J., (after stating the facts). The question for decision in this case is whether appellee, M. R. Coffman, acquired title to the land in controversy by limitation upon the payment of taxes for seven years under section 5057 of Kirby's Digest, having color of title thereto.

The seven payments of taxes had been made and the seven years had expired after the purchase of said lands by said Coffman from W. T. Sharp, and their conveyance to him on August 23, 1898, and before the filing of the suit herein on September 22, 1908.

The land was wild, unimproved and uninclosed, and his first payment of taxes thereon under his said deed was made April 10, 1899, for the taxes of 1898. The Abstract Company purchased the same lands from said W. T. Sharp, appellee's grantor, on January 16, 1905, without any actual notice of said Sharp's deed to Coffman, which had not been recorded at that time, and filed its deed for record on January 18, 1905, long before said Coffman's deed was recorded, and claims that his said deed was invalidated on account thereof under section 763 of Kirby's Digest. That section provides: "No deed, bond, or instrument of writing, for the conveyance of any real estate, or by which the title thereto may be affected in law or equity, hereafter made or executed, shall be good or valid against a subsequent purchaser of such real estate for a valuable consideration, without actual notice thereof; * * * shall be filed for record in the office of the clerk and ex-officio recorder of the county where such real estate may be situated."

And it may be conceded that it invalidates the deed of Sharp to said Coffman, not recorded until after the record of the deed from said Sharp to the said Abstract Company; but, even so, said deed nevertheless constituted color of title, within the meaning of the said statute of limitations. And it is undisputed that the grantee therein paid the taxes upon the lands in controversy for seven yerrs after their conveyance to him by said deed and before the bringing of this suit. Also that there was no adverse entry by appellants during said time, and the lands remained wild, unimproved and uninclosed, during the whole period.

In *Updegraff* v. *Marked Tree Lumber Company,* 83 Ark. 159, this court said:

"It will be observed that the act merely declares that the person who pays the taxes on unimproved and uninclosed lands shall be deemed to be in possession thereof if he have color of title. The statute does not undertake to fix the period of limitation, but merely declares the continuous payment of taxes under color of title to be possession, and leaves the general statute of limitations applicable thereto. The only proviso or condition in the act is that the person who pays the taxes, before he can claim the benefits thereof, must have paid at least seven years in succession, three of which must have been since the pas-

sage of the statute. It follows from this that where lands continue to be unimproved and uninclosed, and seven successive payments of taxes have been made, the possession continues and becomes complete unless the possession be broken by adverse entry or by commencement of an action before expiration of the seven-year period from the date of the first payment."

By such payment of taxes under color of title, appellee acquired a valid title thereto as against appellants and all others, as has often been held by this court. *Towson v. Denson,* 74 Ark. 304; *Updegraff v. Marked Tree Lumber Co., supra; Wyse v. Johnston,* 83 Ark. 522; *Price v. Greer,* 89 Ark. 300; *Sibley v. England,* 90 Ark. 420; *Greer v. Vaughan,* 96 Ark. 524.

Appellee and its mortgagee knew the law, and that title could be so acquired, and they also knew that they were not paying the taxes upon the said land, and that necessarily they were being paid by some one else. Slight diligence upon their part would have discovered the condition existing long before appellee's title was perfected under the statutes of limitations and an entry into possession or the bringing of the suit would have stopped the running of the statute in his favor. Having waited until his title by limitation ripened, they can not complain that they are now barred by the statute.

This view of the case makes it unnecessary to decide whether or not the fact that notice to the Trust Company's abstracter, who passed upon and approved the title and knew of Coffman's claim to the land before the loan was made, was actual notice thereof to the said Trust Company, a corporation that can act only through its agents, within the meaning of said section 763.

Appellee, having color of title and having paid the taxes upon the said land thereunder for seven successive years, three of said payments having been made after the passage of said statute and the whole of said seven years having expired before adverse entry by appellants or the bringing of this suit, perfected his title by limitation. *Greer v. Vaughan, supra.*

It follows that the decree of the chancery court, quieting his title as against appellants and dismissing the complaint of the Trust Company against him for foreclosure of the mortgage of the land for want of equity, was correct, and it is affirmed.