FENTON *v.* COLLUM.

Opinion delivered July 15, 1912.

LIMITATION OF ACTIONS—CONSTRUCTIVE POSSESSION—PAYMENT OF TAXES.— Kirby's Digest, sec. 5057, providing that one who, having color of title, pays taxes for seven years upon unimproved and uninclosed lands acquires the title thereto by limitation, does not apply to lands cleared, fenced or in cultivation.

Appeal from Sevier Chancery Court; *James D. Shaver,* Chancellor; reversed.

STATEMENT BY THE COURT.

The appellee filed suit for confirmation of title to the forty acres of land in controversy.

Appellant filed an intervention and response. The petition was then amended by appellee to allege that he was the owner of the land in controversy, and had been for more than seven years; that it was unimproved and uninclosed, and that he had continuously paid the taxes during the seven years under title as deraigned in his petition. Appellant filed a substituted intervention, claiming the ownership of the land, setting out the different conveyances under which he deraigned title, denied that appellee had been in possession as claimed, and that the lands were unimproved and uninclosed; alleged that the lands belonged to his grantor, and were in his possession as a part of his farm during the time appellee claimed to have paid the taxes.

It is undisputed that appellee purchased the forty acres of land in controversy and received the deed therefor from Mrs. C. A. Blassingame and G. W. Blassingame, her husband, on January 30, 1901; that he paid the taxes thereon for seven years before filing his petition for confirmation on June 26, 1909, the taxes having been paid for the year 1900, to and including the year 1908, and that there was no occupant upon the land at the time of the filing of the petition.

It was further undisputed that the Blassingames cultivated the land, or a part of it which was inclosed in a field, for one or two years after their purchase, but since that time the fences had been destroyed or removed, and the land was not at the time of the trial, and had not been for several years, inclosed at all; in fact the inclosure was not complete for perhaps the seven years during which taxes were paid. Appellant acquired his claim of title from John W. Fenton, his father, who purchased the land in 1891.

The chancellor found that the lands were unimproved and uninclosed, and had been for more than seven years before the filing of the petition, that appellee had paid the taxes thereon for seven successive years under color of title, and that James A. Fenton had no right or title to the lands superior to that of appellee, and dismissed his response and answer for want of equity, and cancelled his deed as a cloud upon appellee's title, and quieted and confirmed the title in appellee. From this decree appellant appealed.

*Otis T. Wingo,* for appellant.

The evidence does not sustain the court's finding that during the tax paying period relied upon by appellee the land was wild, unimproved and uninclosed. The undisputed testimony is to the contrary.

*B. E. Isbell,* for appellee.

The findings of the chancellor will not be disturbed unless contrary to the clear preponderance of the evidence. 44 Ark. 216; 68 Ark. 134; *Id.* 315; 71 Ark. 605; 85 Ark. 83; 90 Ark. 172; 97 Ark. 540, etc.

KIRBY, J., (after stating the facts). Under section 5057, of Kirby's Digest, a person having color of title who has paid the taxes for seven years in succession upon unimproved and

uninclosed lands, where at least three of the payments have been made since the passage of the law, acquires the title thereto by limitation. *Towson* v. *Denson,* 74 Ark. 305; *Updegraff* v. *Marked Tree Lumber Co.,* 83 Ark. 154; *Rachels* v. *Stecher Cooperage Works,* 95 Ark. 7; *Paragould Abstract & R. E. Co.* v. *Coffman,* 100 Ark. 582.

It is not disputed that appellee's deed from the Blassingames did not operate to convey title, nor that it was color of title to the lands in controversy, and that appellee paid the taxes thereon for seven years in succession under same, but only that the lands were not unimproved and uninclosed, within the meaning of the act.

The land, or a considerable part of it, was cleared and fenced and had been in cultivation for some time, and was cultivated by appellee's grantors and their tenants for two years, the last crop being produced in the year 1900. The fence was old and out of repair, and it was that year broken, and the land could not be said to have been inclosed thereafter, although the fence was not entirely destroyed, and there are some rails around it at different places yet.

This court has used the word "wild" interchangeably with the words "unimproved and uninclosed," relative to lands claimed under said statute, and held that a finding that lands were wild was sufficient to show that they were "uninclosed and unimproved." *Towson* v. *Denson, supra; Rachels* v. *Stecher Cooperage Co., supra.*

It was obviously the intention of the Legislature that the statute should relate only to lands in a state of nature—wild that had not been cleared, improved, or enclosed, and it was not intended that the title to lands cleared, fenced or in cultivation could be acquired by limitation by the payment of taxes, as specified in said act, such lands not being unimproved and uninclosed, within the meaning of it. It may be that when fields, once cleared and cultivated, have been abandoned and permitted to go to waste and grow up in briars and brush and the fences become dilapidated and destroyed, the lands will be regarded as unimproved and uninclosed, as though they had never been, but we think this condition must be shown before the title to lands, once improved and inclosed, can be acquired by the payment of taxes in accordance with said law. In other

words, if the lands are shown to have been improved or inclosed during any of the seven years, the successive payment of taxes for which would have conferred title upon the person paying the taxes if they had been unimproved and uninclosed, it would defeat claimant's title thereto.

The undisputed testimony shows that the lands were not unimproved and uninclosed within the meaning of the law, and appellee acquired no title thereto by paying the taxes thereon for seven successive years under color or title. *King* v. *Campbell,* 89 Ark. 450; *Wheeler* v. *Foote,* 80 Ark. 435.

It follows the chancellor erred in holding otherwise, and the decree is reversed and the case is remanded, with directions to dismiss the complaint for want of equity.