RAWLINGS v. BERRY.

Opinion delivered April 9, 1917.

1. WILLS—LOST DOCUMENT—PROOF.—A lost will must be established and proved by clear, positive and satisfactory testimony.
2. WILLS—LOST INSTRUMENT—CONTEST.—A will was offered for probate, and contested on the ground that a subsequent will had been executed. *Held*, where the court charged the jury to find for the contestants if the second will had been executed, but against them if it had not, it was not error to refuse to instruct upon the issue of the loss or distruction of the second instrument.

Appeal from Garland Chancery Court; *E. H. Wootton*, Special Chancellor; affirmed.

*E. H. Vance, Jr.*, for appellant.

1. The only issues are: (1) Did Corley execute the will? And, if so, (2) Was he mentally capable of executing a will?

The testimony shows that he did execute the will, thereby revoking all former wills. This will was executed in the latter part of 1910, or early in 1911. He was mentally capable. The instructions should have been limited to these two issues.

2. The instructions given for contestant state the law of the case accurately and clearly, so far as they go. But the court should have gone further and given those refused. Kirby's Digest, § § 8014, 8023. No. 6 should have been given and the court erred in defining the quantum of proof necessary to establish a lost will. 93 Ark. 312; 189 S. W. 355; 67 Am. Dec. 62; 32 N. Y. Sup. 1112; 24 N. Y. Sup. 121; 2 Words & Phrases (1 ed.), 1388.

*A. J. Murphy*, for appellee.

1. The will relied on by contestant was never shown to have been in existence. Kirby's Digest, § 8065.

2. There is no error in the giving or refusal of instructions. The rule is that lost wills must be established by the clearest, most conclusive and satisfactory proof. 73 Ark. 20; 110 Am. St. 458, 463. The refusal of No. 6 was proper, as No. 5 was given. The judgment is right, and should be affirmed. There was no error in the admission of testimony.

SMITH, J. This case involves a contest over the will of J. D. Corley, which was executed on September 20, 1895. This will was duly admitted to probate, and Mrs. Rawlings prosecuted an appeal to the circuit court from that order. Upon the trial anew in the circuit court, evidence was offered tending to show that, in the latter part of 1910 or the early part of 1911, Corley executed another will, thereby revoking his former will, but that this subsequent will had been lost or destroyed. On behalf of the proponents of the 1895 will, it was denied that any subsequent will was ever executed, and there was testimony to the effect that Corley was not of sound mind and disposing memory at the time of the alleged execution of the last will. Appropriate instructions submitted to the jury the tests of testamentary capacity.

On behalf of the contestant, Mrs. Rawlings, it is insisted that prejudicial error was committed in defining the quantum of proof necessary to establish a lost will. In one of the instructions on this subject, the jury was told that the will must be established by "clear, positive and satisfactory testimony," and, in another instruction, that it must be by "clear, strong and positive testimony."

It is also strongly insisted that error was committed in the refusal to give, at contestant's request, an instruction numbered 6, which reads as follows:

"If Mr. Corley properly executed a will relied on by Mrs. Rawlings, and it revoked the will relied on by Mr. and Mrs. Berry, and afterward destroyed the will relied on by Mrs. Rawlings, then such destruction of the Rawlings will will not revive the will relied on by Mr.

and Mrs. Berry, no matter what the purposes of Mr. Corley may have been. In such case the Berry will can only be revived by re-execution of the Berry will."

We will discuss these assignments of error in their order.

(1) We think no error was committed in defining the quantum of proof necessary to establish and prove a lost will. In the case of *Nunn* v. *Lynch,* 73 Ark. 20, Chief Justice Hill, speaking for the court, quoted with approval from the case of *Rhodes* v. *Vinson,* 9 Gill. (Md.) 169, 52 Am. Dec. 685, the following statement of the law:

"The policy of the law has thrown around last wills and testaments as many, if not more, shields to protect them from frauds, impositions and undue influence than any mode of conveyance known to the law. Can there be a doubt that in cases like the present, where the object is to establish the contents of a paper which has been destroyed, as and for a last will, that policy does require the contents of such paper to be established by the clearest, the most conclusive and satisfactory proof? We think not." See, also, Underhill on the Law of Wills, vol. 1, sec. 275, and 14 Ency. of Ev., p. 465.

We are also of the opinion that no prejudicial error was committed in the refusal to give the instruction numbered 6, because the court gave an instruction numbered 5, which reads as follows: "If you believe from the evidence that J. D. Corley made a will, as contended by Mrs. Rawlings, but that, at the time he was for any reason, incompetent to make a will, or that he made it from intimidation·or fear, you will find against said contestant. If you believe from the evidence that J. D. Corley made a will to Mrs. Rawlings, with an intelligent purpose and desire that she should have all of his property as against Mrs. Berry, his own niece, and other blood relatives, you will find for contestant, Mrs. Rawlings; otherwise, you will find for proponent, Mrs. Berry."

This instruction, in effect, tells the jury that, if the Rawlings, or second will, was executed, to find for con-

testant, and, under this instruction, it became immaterial to instruct the jury on the effect of its subsequent loss or destruction, as, under this instruction numbered 5, the jury was required only to find that Corley made this last will, before finding for contestant.

Other questions are discussed in the briefs, but they have become immaterial in view of our decision upon what we regard as the controlling questions in the case.

The judgment is, therefore, affirmed.