McCulloch *v.* McCulloch.

4-8618                                          214 S. W. 2d 209

Opinion delivered October 25, 1948.

*Robert L. Rogers, II,* and *Wayne W. Owen,* for appellant.

*Clark & Clark* and *John W. George,* for appellee.

HOLT, J. Appellant, Irene McCulloch, brought this action August 31, 1946. She alleged in her complaint that on May 6, 1914, she married Joe McCulloch, the son of R. B. and Etta A. McCulloch; that prior to this marriage, Joe had prevailed upon his father to purchase a lot in Conway, and erect a house thereon for him and Irene to occupy as a home; that Joe repaid his father the purchase price and thereafter, R. B. McCulloch executed a deed conveying the property to Joe, which deed was delivered but never recorded. She further alleged that she has occupied the house since her marriage to Joe in 1914; that Joe died in 1921; that R. B. McCulloch died testate in 1935, and, under the terms of his will, devised all his real estate to his wife; that Etta A. McCulloch, his wife, died testate in 1946, devising all her real estate (which included the property here) to Ben McCulloch, appellee; that in 1931, Joe's father and mother executed a mortgage on the property to appellee which constitutes a cloud upon appellant's title. Her prayer was that such mortgage be declared subject to the title of appellant; that the deed from R. B. McCulloch be established and that title to the property be declared in appellant by virtue of adverse possession for more than seven years.

Appellee answered with a general denial and affirmatively pleaded that this appellant, Irene McCulloch, has been at all times a tenant at will of R. B. McCulloch and his successors in title; that during all the time of her occupancy of the property R. B. McCulloch and his successor in title "paid taxes on said property, kept the improvements and repairs on said property and paid for the same, and otherwise exercised rights of ownership over said property"; that appellee is the unconditional

owner of the property, terminates the tenancy of appellant and demands possession of the property.

From a decree in favor of appellee is this appeal.

Appellant says: "The action was filed and tried on the lost deed theory, and statute of limitations, and we believe the great preponderance of the evidence established the execution and delivery of such deed. The evidence not only established the deed but also, we think, clearly established a parol gift of the land which was accompanied by adverse possession and the making of valuable improvements."

The rule is well established that the evidence required to prove and establish a lost deed must be clear, satisfactory and convincing, though it need not be undisputed. We said in *Dillard* v. *Harden,* 197 Ark. 586, 124 S. W. 2d 10: "Now, while it is true, as said by the court below, that the testimony must be 'clear, concise and satisfactory,' it is not required that it be undisputed. It is sufficient if the testimony which we credit and accept as true shows clearly, concisely and satisfactorily that the deed sought to be restored had in fact been executed and delivered," and in *Slaughter* v. *Cornie Stave Company,* 172 Ark. 952, 291 S. W. 69, we said: "It is the settled rule in this state that parol evidence to prove the contents of a lost deed should show that the deed was duly executed as required by law, and should show substantially all its contents by clear, convincing and satisfactory evidence. *Hooper* v. *Chism,* 13 Ark. 496; *Nunn* v. *Lynch,* 73 Ark. 20, 83 S. W. 316; *Kennedy* v. *Gilkey,* 81 Ark. 147, 98 S. W. 969; *Queen* v. *Queen,* 116 Ark. 370, 172 S. W. 1018, Ann. Cas. 1917A, 1101; *Wasson* v. *Walker,* 158 Ark. 4, 249 S. W. 29; and *Langston* v. *Hughes,* 170 Ark. 272, 280 S. W. 374.

"An excellent statement of the rule was made by Chief Justice MARSHALL in *Tayloe* v. *Riggs,* 1 Pet. 591, 7 L. Ed. 275. It is as follows: 'When a written contract is to be proved, not by itself but by parol testimony, no vague, uncertain recollection concerning its stipulations ought to supply the place of the written instrument itself. The substance of the agreement ought to be proved satis-

factorily, and, if that cannot be done, the party is in the condition of every other suitor in court who makes a claim which he cannot support.'."

After reviewing the testimony, we hold that appellant upon whom the burden rested, under the above rules, has failed to produce the measure of proof required.

Briefly stated, the material facts were to the following effect: Before the marriage of Joe and Irene McCulloch in May, 1914, Joe's father, R. B. McCulloch, bought a lot on which he erected a house. Immediately following their marriage, he permitted them to occupy this property, free of rent, insurance, taxes and upkeep. In 1917, Joe joined the Naval forces and was away until sometime in 1919, when he returned to his family, which then consisted of his wife and their two small children. He remained a few weeks, went to Florida, joined some rum runners off the coast of that state, and has not been heard from since. From the date that appellant first occupied the property in 1914, R. B. McCulloch controlled it until his death. He permitted Irene and the children to occupy it without any cost and assisted her with her living expenses. As indicated, the property at all times was assessed, and insurance carried, in the name of R. B. McCulloch or his predecessors in title. No deed to this property to either Joe or Irene, or to both, has ever been recorded or found. While Irene testified that Joe had paid his father for this property, owned it, and that she had seen and read a deed to it, she could not describe the deed with any certainty as to date, consideration, description of the property, or name the officer taking the acknowledgment. The great preponderance of the evidence shows that Joe did not pay for the property.

One other witness, Herbert Maddox, testified that he saw a deed from R. B. McCulloch to Joe, but he was unable to give any information as to the date of the deed, the consideration, the name of the officer taking the acknowledgment, or whether it was a warranty or quitclaim deed. On the property described, he testified: "Q. Did you ever see a deed from R. B. McCulloch and wife to Joe McCulloch wherein lot two (2) and the east half (E½) of lot three (3), block fifteen (15), Harkrider's

Addition to the City of Conway, Arkansas, were conveyed? A. The deed I saw was from R. B. McCulloch. I do not remember whether Irene McCulloch's name was in the deed or not."

A number of witnesses gave testimony that strongly tended to contradict appellant's present claim of ownership. Mrs. H. J. Gwatney testified that some time in 1935 in a conversation in the W.P.A. work room, appellant said to her: "I don't have to pay any taxes or rent, because the house belongs to Ben (appellee)."

Harold Gist testified that about the time that R. B. McCulloch died, appellant had chosen some cheap wallpaper to be put in the house and he was trying to induce her to buy a better grade, that she remarked "that she did not know how long they would let her live there, that she did not want to spend any more on the place than she had to."

Mrs. Bess McHenry testified that she had a conversation with appellant about fifteen years ago about putting gas in the house and that appellant "said she was not going to put gas in the old house because it did not belong to her and she was not going to put any improvements on the place when it did not belong to her."

There was other testimony of similar effect, which we do not detail.

It appears undisputed, as alleged in appellant's complaint, that in 1931, R. B. and Etta A. McCulloch executed a mortgage on the property to appellee.

Jacob Becht, now of Sonora, California, testified that he saw R. B. McCulloch give checks in payment for the construction of the house.

Without detailing more of the testimony, it suffices to say that we think the preponderance of the evidence shows that appellant at all times has occupied the property in question as a tenant at will or by sufferance, and not as owner.

On the question of whether appellant has acquired this property by adverse possession, we think the evi-

dence falls far short of establishing title in appellant in this manner. What is necessary to constitute adverse possession was announced by this Court in *Watson v. Hardin*, 97 Ark. 33, 132 S. W. 1002, as follows: "It is well settled by the authorities that this possession must be actual, open, continuous, hostile, exclusive and be accompanied by an intent to hold adversely and in derogation of and not in conformity with the right of the true owner. . . . It must be hostile in order to show that it is not held in subordination and subserviency to the title of the owner."

Here, appellant's possession, as above noted, was shown to be by sufferance or permission only.

Nor do we think appellant has established a parol gift of the property to her. We said in *Young* v. *Crawford*, 82 Ark. 33, 100 S. W. 87: " 'A parol gift of land,' says Prof. Pomeroy, 'will not be enforced unless followed by possession and by valuable improvements made by the donee, or unless there are some other special facts which would render the failure to complete the donation peculiarly inequitable and unjust.' " See, also, *Akins* v. *Heiden*, 177 Ark. 392, 7 S. W. 2d 15, and *Hunt* v. *Boyce*, 176 Ark. 303, 3 S. W. 2d 342. In *Akins* v. *Heiden*, *supra*, we said: "The general rule is that evidence necessary to establish a parol gift of land must be clear and unequivocal."

Here, we find no evidence that appellant made any substantial improvements on the property nor any other special facts to warrant completion of a parol gift.

The decree is correct and is affirmed.

ROBINS, J., disqualified and not participating.