RICHARDSON *v.* FISHER.

5-2995                                     367 S. W. 2d 440

Opinion delivered May 13, 1963.

*Curtis L. Ridgway, Jr.,* for appellant.

*R. Scott Campbell,* for appellee.

FRANK HOLT, Associate Justice. This is an action brought by the appellants against the appellees to determine their respective interests in a 160 acre farm. The appellants and appellees are the various heirs at law of Joseph Hugh Fisher who owned this property when he died intestate about thirty-five years ago. Surviving him as his sole heirs were his six children, Neal Fisher, Joe Fisher, Mint Fisher Richardson, Nancy Fisher Anderson, Sara Fisher and Ada Fisher, all of whom are now deceased except the defendant, Neal Fisher.

On March 19, 1932, Nancy Fisher Anderson conveyed her undivided interest by warranty deed to her sisters, Sara and Ada Fisher, and on the same date they conveyed by warranty deeds their undivided interest in the 160 acre farm to their nephew, Paul Fisher, the defendant-appellee. By virtue of these conveyances he contends he is now the owner of an undivided one-half interest in this property. He did not record his warranty deeds until November 23, 1960, or seven months after the plaintiffs-

appellants, Herbert Nelson Fisher and Lucille Fisher, his wife, recorded a deed on which they base their claim to a superior title.

Their claim to a superior title arose in this manner. In 1956, Neal Fisher, father of the appellee, Paul Fisher, mortgaged an undivided one-third interest [he actually owned an undivided one-sixth interest] in the farm lands to a Mr. Coleman. This mortgage was properly foreclosed and Neal Fisher's interest in the land was conveyed by a commissioner's deed to a Mr. Lowrey and a Mr. Sloan in 1958. On April 16, 1960, Sloan and Lowrey conveyed their interest in this property to the appellants, Herbert Nelson Fisher and Lucille Fisher, his wife. This instrument was recorded by Herbert and Lucille on this same date or approximately seven months before their cousin, Paul Fisher, recorded his 1932 deeds.

Herbert Fisher and his wife, Lucille Fisher, and the numerous other plaintiffs-appellants, as heirs at law of Joseph Hugh Fisher, allege in their pleadings that the 1932 deeds to Paul Fisher are invalid and inoperative because the signatures of Sara and Ada Fisher are not genuine; that the deeds were not executed on the dates named therein, and that if the deeds were signed by the purported grantors the "subject matter of the conveyances" was inserted in the deeds at a date subsequent to the execution thereof. The defendants-appellees, Paul Fisher and his wife, filed a general denial. It was stipulated that the interest of Neal Fisher, which interest he had mortgaged, was duly foreclosed and conveyed by the commissioner's deed.

The Chancery Court found that the plaintiffs-appellants had failed to prove the invalidity of the 1932 deeds; that Neal Fisher and Edna Fisher, his wife, owned and only mortgaged an undivided one-sixth interest, instead of the undivided one-third interest, in said lands which interest was legally divested through the commissioner's deed; that the lands were susceptible of partition or division in kind; that the appellee, Paul Fisher, is the owner of an undivided one-half interest as claimed by him. The Court apportioned the remaining one-half inter-

est among the various appellants and decreed that the property be divided "in equal parts, one of which shall be the property of the plaintiffs, and the other being the property of the defendant, Paul Fisher." From this decree in favor of the appellee, Paul Fisher, comes this appeal.

For reversal appellants rely on the point that an unrecorded conveyance of title is invalid against a subsequent purchaser for value and without notice. This point was not asserted in the pleadings nor was it an issue before the trial court. We have consistently held that where an issue is not presented in the trial of the case it cannot be considered on appeal. *Angelletti* v. *Angelletti,* 209 Ark. 991, 193 S. W. 2d 330. This is on the well-reasoned basis that cases on appeal should be determined on the same issue or issues on which they were presented in the trial court.

However, if we consider the point relied on by the appellants they cannot prevail. Appellants cite Ark. Stat. (Anno.) § 16-115 which provides that an unrecorded instrument is invalid against a subsequent purchaser for a valuable consideration and without notice of a pre-existing conveyance. Thus, such a subsequent purchaser acquires a superior title when he places his title of record before a previous purchaser records his title. This statute, however, applies to purchasers who derive their interests from a common grantor. *Halbrook* v. *Lewis,* 204 Ark. 579, 163 S. W. 2d 171; *Brewer, Exec.,* v. *Fletcher,* 210 Ark. 110, 194 S. W. 2d 668.

In the case at bar the contending parties did not receive the deeds in question from a common grantor since appellee acquired his deeds from Sara and Ada Fisher, and appellants secured their deed from Lowrey and Sloan. Therefore, the above statute is not applicable.

The decree of the Chancery Court is affirmed.