Gordon Allyn BYARS and Covetta BYARS,
His Wife *v.* Dora Lee BYARS

CA 80-183                                606 S.W. 2d 595
Court of Appeals of Arkansas
Opinion delivered October 22, 1980
Rehearing denied November 19, 1980

*Parker, Henry & Walden*, for appellants.

*Mooney & Boone*, for appellee.

DAVID NEWBERN, Judge. In this case the chancellor was asked to declare that a warranty deed constituted an equitable mortgage. The chancellor declined to do so, and we agree because the conduct of the appellants is not such as to entitle them to equitable relief. Thus, the chancellor's decision is affirmed.

The appellee, Dora Lee Byars, is the mother of the appellant Gordon Byars. The appellee gave Gordon a tract of land upon which he built a house. He apparently had difficulty making payments on a mortgage by which he had financed the house, whereupon he sought his mother's financial assistance. The appellee agreed to borrow $17,000 from a bank to satisfy the debt. Her testimony was that the banker through whom she obtained the personal loan had advised

her to get a deed to the property. Thereafter, on November 30, 1972, the appellants conveyed the property in question to the appellee. The appellee further testified that the appellants, pursuant to an oral agreement, were to pay all of the taxes and insurance premiums on the property and were to pay $120 per month into a special bank account which she had set up until the entire debt was satisfied.

The record shows that the appellants did not pay the property taxes and that, over a period of some six years, they only made three of the $120 payments. Gordon testified that the oral agreement was not as the appellee stated, but that he was only to make payments when he was able to do so. Just as there is no question that the appellants have only made three of the agreed payments, there is no question that the appellee was to deed the property back to the appellants when the debt had been satisfied.

Gordon testified he was injured at about the time the loan was made and the deed executed to the appellee, and that he thereafter was unable to work except intermittently. He testified, however, that he was and had been receiving social security disability payments of $500 per month since 1976 and his wife had been working for at least a year earning approximately $100 per week. The only justification offered for failure to pay was the contention that his agreement with his mother did not require him to pay. Obviously, the chancellor declined to believe that statement, and we have no reason to gainsay his conclusion.

Although this transaction has nearly all of the earmarks of an equitable mortgage, the chancellor was correct in refusing to grant that remedy. From the record before us, it is apparent the appellants have not even attempted to "do equity." Although we know of no Arkansas case which holds specifically that a person asserting an equitable mortgage must have paid the accompanying debt or tender such payment, we find that concept approved by dictum in *Tyler, Administrator* v. *Morgan*, 214 Ark. 667, 217 S.W. 2d 606 (1949). We find this case to be one where the maxim "he who seeks equity must do equity" is clearly applicable. *Flanagan* v. *Drainage District No. 17*, 176 Ark. 31, 2 S.W. 2d 70 (1928);

*McMillan* v. *Brookfield*, 150 Ark. 518, 234 S.W. 621 (1921).

It is obvious the appellants are seeking to benefit from the appreciation in value of the property. It is equally obvious it would be inequitable for them to obtain that benefit in the circumstances of this case.

Affirmed.