Edna THOMPSON et al v. John GRAVES et al

83-267                                                665 S.W.2d 268

Supreme Court of Arkansas
Opinion delivered March 5, 1984

*Hixson, Cleveland & Rush,* by: *Coy J. Rush, Jr.,* for appellants.

*Smith, Stroud, McClerkin, Dunn & Nutter,* by: *Hayes C. McClerkin, Nelson V. Shaw,* and *Demaris Hart Edwards,* for appellees.

STEELE HAYS, Justice. This dispute concerns the right to minerals under a lost deed. Appellants, who were the grantors, contend the mineral rights were reserved. The grantee is deceased but her successors in title deny the lost deed contained any reservation of minerals and rely on adverse possession as well.

Appellants, Ona Wilson and Edna Thompson, are sisters. When their father died in 1944 they inherited an undivided half interest in 120 acres in Logan County. In February 1947 appellants conveyed their interest to Edna Graves, from whom appellees acquired title. The deed was never recorded but in 1956 Edna Graves recorded an Affidavit of Lost Instrument which recited that she had acquired the acreage and had immediately taken possession and begun improvements. The affidavit makes no mention of mineral rights.

Oil and gas development began in the area in the 1950's including three leases executed on the land involved. In 1982, some months after the owners had executed another oil and gas lease on the same property, appellants were asked to give a quitclaim deed, by the lessee, which they declined to do. Instead, they called on the appellees to acknowledge appellants' ownership of half the minerals under the 1947

deed, the first time any such claim was made since the original conveyance. The appellees refused and appellants filed suit to quiet title to half the minerals.

The Chancellor found the records of Logan County contained no evidence of a severance of the mineral estate from the surface estate and, therefore, adverse possession was applicable to the minerals. The Chancellor reached the correct result.

Appellants urge it was error for the Chancellor to ignore the mineral clause in the lost deed. They point out that both appellants testified positively that they wanted the minerals reserved and instructed their lawyer accordingly. They remembered seeing language to that effect in the deed before it was delivered to Edna Graves. Appellants argue that their testimony stands unrefuted since Edna Graves is not alive to speak and the appellees have no direct knowledge of what the lost deed contained. But the Chancellor was not required to accept that testimony as fact. They were parties to the suit and their interest in the outcome is such that their testimony is not to be taken as un-contradicted. *Old Republic Insurance Co.* v. *Alexander,* 245 Ark. 1029, 436 S.W.2d 829 (1969). *Wasson* v. *Lightle,* 188 Ark. 440, 66 S.W.2d 652 (1933).

Appellees rely on the settled principle that those who claim under a lost deed must prove its contents by clear, satisfactory and convincing proof. *Baer* v. *Coleman,* 235 Ark. 488, 360 S.W.2d 761 (1962); *Martin* v. *Martin,* 210 Ark. 904, 198 S.W.2d 408 (1947); *Schwartz* v. *Hardwicke,* 229 Ark. 134, 313 S.W.2d 832 (1958). Appellants' proof fell well below this requirement. Appellants never made any separate assessment of the mineral interests they claim were reserved. They did not inquire about the minerals, nor attempt to obtain any leases on the lands even though there was drilling going on in the area and on other property they owned. They were certain that they had reserved the mineral interests because it was their usual practice to do so; however, appellees proved that in three other transactions appellants had not reserved the minerals. Appellee John Graves, testified that appellant Thompson's husband had worked

for him when oil and gas leasing and drilling were occurring on bordering properties but appellants made no claim to the mineral rights supposedly reserved until this suit was filed, a span of thirty-five years. The only proof which supports appellants' position is their own assertions that the deed contained the alleged reservation and, as we have noted, the Chancellor was not required to accept that testimony as fact. It follows that appellants' proof failed to meet the requirements of the law. We need not reach the issue of adverse possession.

The decree is affirmed.