William Edward WENSEL *v.* Bill FLATTE and Patricia Flatte

CA 88-211                            764 S.W.2d 616

Court of Appeals of Arkansas
Division II
Opinion delivered February 22, 1989

*Mitchell and Roachell*, by: *Michael W. Mitchell*, for appellant.

*William R. Wisely*, for appellee.

JAMES R. COOPER, Judge. In this appeal from the Garland County Chancery Court the appellant, William Wensel, contends that the chancellor erred in finding that the deed and note he gave to the appellees did not create an equitable mortgage. The appellant also argues that the chancellor erred in finding that the thirty-day grace period contained in the note was not applicable and in finding that he had waived his right to foreclosure. We affirm.

The appellant was building a 6500 square foot home on Lake Hamilton in Hot Springs, Arkansas. He had spent approximately $78,000.00 for the lot and building materials. When the suppliers began enforcing their materialmen's liens, the appellant borrowed $100,000.00 from the appellees. The appellant executed a note and mortgage in return for the loan, and, when the appellant defaulted, the appellees filed a foreclosure action.

On December 11, 1987, five days before the scheduled judicial sale of the house, the appellant delivered to the appellees a warranty deed and an instrument dated December 11, 1987, titled "Note Secured by Real Estate" in the amount of $121,862.94. The note described the property contained in the first mortgage and in the deed to the appellees and provided that the entire amount was due on January 31, 1988. The appellant did not pay the note.

On February 1, 1988, the appellees took possession of the house and changed the locks. The appellant filed a complaint requesting access to the house and that ownership be returned to him. After a hearing, the chancellor found that the deed and note did not constitute an equitable mortgage. The appellant argues, in his first point for reversal, that this finding was erroneous.

The presumption arises that a deed is what it purports to be and, to establish its character as a mortgage, the evidence must be clear, unequivocal, and convincing. *Ehrlich* v. *Castleberry*, 227 Ark. 426, 299 S.W.2d 38 (1957). If there is a debt existing and the conveyance was intended by the parties to secure its payment, equity will regard and treat an absolute deed as a mortgage. *Newport* v. *Chandler*, 206 Ark. 974, 178 S.W.2d 240 (1944). The party claiming that the deed was a mortgage has the burden of showing that the deed was a mortgage, that there was an indebtedness, and that the deed was intended to secure the debt. *Id.* Since the equity upon which the court acts arises from the real character of the transaction, any evidence, written or oral, tending to show the real nature of the transaction is admissible. *Newport*, 206 Ark. at 979.

The appellee, Bill Flatte, testified that the first mortgage was to have been paid off in October 1987, and that the appellant made a payment on the interest but did not reduce the principal. He also stated that in September 1987 he had to pay the insurance, which the appellant was required to pay. According to Flatte, he and J. Sky Tapp, his attorney, were unable to contact the appellant until October 15, 1987, when they had a three-way telephone conference. The appellant requested an extension until December 15, 1987, but, because the appellant was in default and had not made any payments on the principal amount of the note, the appellee was reluctant to delay foreclosure. Flatte stated that he informed the appellant that he was going to foreclose.

On December 11, 1987, Flatte again talked with the appellant and told the appellant that he would extend the note until January 31, 1988, if he would sign a deed as they had discussed in October 1987. Flatte stated that he told the appellant he wanted him to deed the property to him, and that if the total debt was paid by January 31, 1988, he would deed the house back to the appellant. The deed and a new note were executed.

At trial, the appellant testified that when he delivered the deed in question to the appellees' attorney, J. Sky Tapp, it was his belief that Tapp was to hold the deed until he had paid the debt and then return the deed to him. He stated that, during the term of the note, he intended to arrange a loan with a bank to pay off the note. However, he was not able to obtain financing by January 31,

1988.

Tapp testified that two deeds were drafted. One deed conveyed the property to the appellees and listed the appellant as the grantor, and the other deed conveyed the property back to the appellant. He stated that he kept the deed conveying the house from the appellant to the appellees until they retrieved it from his office and filed it on January 12, 1988, and that the only deed being held in escrow by him with the one which conveyed the property back to the appellant. Tapp stated that the purpose of the deed being held in escrow was to convey the house back to the appellant if he fulfilled the condition that the indebtedness be paid in its entirety by January 31, 1988.

A letter written by Tapp was introduced into evidence which stated that its purpose was to conform the oral agreement reached by the parties on October 15, 1987. The letter comported with what Tapp testified to with regard to the intention of the parties. Tapp testified that he sent a copy of the letter to the appellant and requested that the appellant sign it and return it to him. The appellant testified that he received a copy of the letter, but that he did not sign it because, according to him, the letter did not reflect the agreement of the parties.

We are not convinced that the chancellor was clearly erroneous in finding that the appellant had not shown by clear, unequivocal evidence that the deed was intended to be a mortgage. In the original transaction, the appellant signed a mortgage and he therefore had notice that the second transaction differed since there was no new mortgage. Furthermore, the appellees testified that they did not intend for the deed to operate as a mortgage, but that the house was to be deeded to them outright, with the condition that it would be deeded back to the appellant if the debt was paid. It is unquestionably within the power of two individuals, capable of acting for themselves, to make a contract for the purchase of land, with a reservation to the vendor of a right to repurchase the property at a fixed price and at a specific time. If the transaction is security for a debt, then it is a mortgage; otherwise it is a sale. *Monaghan* v. *Davis*, 16 Ark. App. 258, 700 S.W.2d 375 (1985); *Newport* v. *Chandler, supra.* There is evidence from which the court could find that the parties intended for the deed in question to constitute a sale with the purchase

price being the outstanding indebtedness (including costs of the foreclosure), and that this sale was conditioned upon the appellant having the right to repurchase the house for the same amount by January 31, 1988.

Furthermore, the appellant is not entitled to have the deed declared an equitable mortgage, since "he who seeks equity must do equity." *Byars* v. *Byars*, 270 Ark. 874, 606 S.W.2d 595 (Ark. App. 1980). The appellant made only one payment on the original loan, he procrastinated until the last possible minute to arrange an extension on the original loan, he received several extensions over the life of the loan, and he admitted that he had not attempted to arrange alternate financing until after December 11, 1987. A person asserting an equitable mortgage must have paid the accompanying debt or tender such payment. *Byars, supra.* No payment has been made or tendered.

The appellant's second argument concerns a term in the note which, he alleges, gave him a thirty day grace period to pay the debt. The note states:

> In the event of default in the payments for a period of thirty days . . . holder of the indebtedness shall have the option to declare the entire indebtedness to be immediately due and payable. . . .

The chancellor found that this provision was intended to apply in a situation where there are periodic payments, and because this note was to be paid entirely in one payment, the thirty day provision did not apply. It is the appellant's contention that the chancellor erred in this finding.

We concur with the chancellor's finding. The paragraph immediately preceding the thirty day provision clearly states that the entire amount of the note is due on January 31, 1988. The thirty day provision provides that, if the debtor remains in default for more than thirty days, then the total amount of the payments can be accelerated and the entire debt called due. Where clauses in a contract are irreconcilable with a former clause and repugnant to the general purpose and intent of the the whole instrument, it is not error for the chancellor to disregard the irreconcilable clause. *Mitchell* v. *Mitchell*, 236 S.W.2d 812, 368 S.W.2d 284 (1963).

It is clear that the intent of the whole instrument was to grant the appellant additional time, until January 31, 1988, to pay the entire indebtedness and allow him to recover the property. Interpreting the note to provide for an additional thirty days, with the appellees' remedy being acceleration of a debt that was already past due in its entirety, is unreasonable and repugnant to the purpose of the instrument.

Lastly, the appellant argues that the chancellor erred in ruling that the appellant had waived his right to foreclosure because waiver is an affirmative defense which the appellees did not plead in accordance with Ark. R. Civ. P. 8(c). It is not necessary to address this argument in light of our holding that the transaction was not an equitable mortgage.

Affirmed.

MAYFIELD and JENNINGS, JJ., agree.