Charles BROWN and Donna Bell Robertson, and Estate of Ross O. Brown *v*. Corbin Dale COLE and Peggy Cole

CA 88-311 768 S.W.2d 549

Court of Appeals of Arkansas
Division I
Opinion delivered April 26, 1989

*Streett & Kennedy*, by: *Alex G. Streett*, for appellants.

*Robert E. Irwin*, for appellees.

JAMES R. COOPER, Judge. This is an appeal from the chancery court of Pope County. The appellees filed suit against the appellants who are the heirs of Ross Brown. In their complaint they alleged that they had purchased forty acres with Ross Brown, now deceased, and that they had signed a quitclaim deed in favor of Ross Brown in order to secure financing to repair their home. The appellees testified that Ross Brown subsequently became ill, and that they entered into an agreement with Brown to care for him during his illness, and he agreed to extinguish the debt if they did so. The chancellor found the quitclaim deed to be a mortgage and that the indebtedness was satisfied in full. Title to the disputed 18-acre tract was quieted in the appellees. The appellants argue on appeal that the trial court erred in finding that the quitclaim deed was not an absolute conveyance because the evidence to establish that the deed constituted a mortgage was not clear, satisfactory and convincing. We affirm.

On appeal, chancery cases are reviewed *de novo*, but the chancellor's findings of fact and conclusions of law will not be reversed unless they are clearly erroneous. *McDonald* v. *McDonald*, 19 Ark. App. 75, 716 S.W.2d 788 (1986). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed. *RAD-Razorback Ltd.* v. *Coney*, 289 Ark. 550, 713 S.W.2d 462 (1986). The question we must answer on appeal is whether the chancellor's finding that the disputed fact was proved by clear and convincing evidence is clearly wrong. *Akins* v. *First National Bank*, 25 Ark. App. 341, 345, 758 S.W.2d 14 (1988).

The presumption arises that a deed is what it purports to be and, to establish its character as a mortgage, the evidence must be clear, unequivocal, and convincing. *Ehrlich* v. *Castleberry*, 227 Ark. 426, 299 S.W.2d 38 (1957). If there is a debt existing and the conveyance was intended by the parties to secure its payment, equity will regard and treat an absolute deed as a mortgage. *Newport* v. *Chandler*, 206 Ark. 974, 178 S.W.2d 240 (1944). The party claiming that the deed is in fact a mortgage has the burden of proof, both to show that there was an indebtedness and that the deed was intended to secure the debt. *Id.* Since the

equity upon which the court acts arises from the real character of the transaction, any evidence, written or oral, tending to show the true facts is admissible. *Newport,* 206 Ark. at 979. In reviewing the decisions of chancery courts on questions of this nature, great weight should be given to the opinion of the trial court as the chancellor may be apprised of the existence of circumstances which but dimly appear to us from an examination of the record alone. *Ehrlich, supra; Ruth* v. *Lites,* 267 Ark. 752, 590 S.W. 2d 322 (1979).

The appellee, Peggy Cole, testified that in 1979 she, her husband, the appellee Corbin Cole, and Ross Brown purchased forty acres of land as tenants in common, with one half belonging to Ross Brown and the other half belonging to her and her husband. A warranty deed dated November 6, 1970, was introduced evidencing the transaction. According to Mrs. Cole, a mortgage in the amount of $7,900 was executed to secure financing for the purchase. Although she and her husband were listed as mortgagors in the mortgage, Mrs. Cole testified that Mr. Brown was to pay for the land and the appellees agreed to repay Mr. Brown. Mrs. Cole testified that in 1975 she and her husband attempted to obtain a loan to repair their mobile home located on the forty acres but the bank refused to accept a mortgage on the land because it was already mortgaged. According to Mrs. Cole, Mr. Brown agreed to pay off the land in order to clear the title, but he wanted some security and he agreed to accept a quitclaim deed to their twenty acres. He then deeded back to them the two acres surrounding the mobile home.

In March 1984, Mr. Brown became ill with cancer. Mrs. Cole stated that shortly after the illness was discovered, she and her husband sat down with Mr. Brown and they all agreed that the debt would be extinguished in return for the appellees caring for him. Although there is some dispute in the record as to exactly how much care was involved, it is clear that the appellees did care for Mr. Brown frequently in his last months and did chores for him such as housekeeping, shopping, and assisting him with personal grooming and hygiene.

Shortly before his death, Mr. Brown sold twenty of the forty acres to a third person not a party to this case. We find it to be relevant that Mr. Brown sold only twenty of the forty acres

because it indicates that he did not claim any ownership to the other twenty acres. Although the appellees presented a witness who testified that Mr. Brown had offered to sell him 38.6 of the forty acres, there was nothing in writing, no offer was made, and apparently no price discussed. The witness stated that he did not pursue the matter because he only had about $200.00 in cash. To rebut the assertion that the Coles were unable to obtain financing due to an existing mortgage on the land, the appellants introduced into evidence a letter from the mortgagee bank which indicated that Mr. Brown had paid off the mortgage in 1971.

■ Deferring to the chancellor's judgment concerning the credibility of the witnesses, as we must, we find sufficient evidence to support the chancellor's finding that the deed was in fact intended as a mortgage, and we hold that the chancellor's decision was not clearly erroneous.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.