George DAVIS *v.* Webb DAVIS, et al.

CA 94-3                                                     890 S.W.2d 280

Court of Appeals of Arkansas
Division I
Opinion delivered January 18, 1995

*Guy Jones, Jr.*, for appellant.

*Richard Parker*, for appellee Lottie Yancey.

*Coxsey & Coxsey*, by: *J. Kent Coxsey*, for appellees.

JUDITH ROGERS, Judge. This appeal results from a decree of the Searcy County Chancery Court which found that a warranty deed to thirty acres situated in Searcy County was in fact an equitable mortgage and denied appellant's petition for quiet title. Appellant argues that the chancellor erred in holding that the deed was an equitable mortgage. We find no error and affirm.

Appellant, George Davis, filed a complaint, seeking to quiet title to thirty acres in Searcy County against his brother and sisters, Webb Davis, Lottie Bell Yancey, Oma Dale Smith, and Juanita Warren, hereinafter referred to as appellees.[1] In his complaint, appellant claimed that the parties' parents, Noah and Minnie Davis, were the owners of the thirty acres when, in 1944, they conveyed the property to Grace Alton by warranty deed, recorded in 1945. He asserted that he had adversely claimed this property for more than thirty-six years.

Appellee Juanita Warren responded to appellant's complaint by a general denial. She later counterclaimed, contending that the deed from her parents to Grace Alton was intended as security for payment of a debt and not transfer of title and requested that the deed be declared an equitable mortgage. She also denied that appellant had adversely possessed against her. Appellees Lottie Yancey and Webb Davis filed similar pleadings.

A trial was held on the parties' complaints, at the conclusion of which the chancellor made detailed findings of fact. He found that, by clear, convincing and unequivocal evidence, the warranty deed from appellees' parents to Grace Alton was in fact an equitable mortgage and declared the deed void. He also found that appellant had occupied the thirty acres with permission and denied his claim for adverse possession.

The law presumes that a deed absolute on its face is what it appears to be, *Marshall* v. *Marshall*, 227 Ark. 582, 585,

---

[1] Grace Alton, decedent, was also named as a defendant in the heading of the complaint; however, there is no evidence that either her estate or her heirs were made a party to the suit. A motion was filed by appellant's attorney stating that Grace Alton died over thirty-six years ago and requesting the court to appoint a personal representative on her behalf; however, the record does not indicate that an appointment was made. Testimony produced at trial indicated that the probate of her estate had been closed June 12, 1959, and that there were no surviving heirs.

300 S.W.2d 933 (1957), and the party claiming that a deed is in fact a mortgage has the burden of proof, both to show that there was an indebtedness and that the deed was intended to secure the debt. *Brown* v. *Cole*, 27 Ark. App. 213, 215, 768 S.W.2d 549 (1989). In order to establish that a deed absolute on its face is in fact a mortgage, the evidence must be clear, unequivocal, and convincing, *Brown* v. *Cole*, 27 Ark. App. at 215; however, any evidence, written or oral, tending to show the real nature of the transaction is admissible. *Wensel* v. *Flatt*, 27 Ark. App. 5, 8, 764 S.W.2d 616 (1989). The test on review is not whether the court is convinced that there is clear and convincing evidence to support the chancellor's finding but whether it can say the chancellor's finding that the disputed fact was proved by clear and convincing is clearly erroneous, and the appellate court defers to the superior position of the chancellor to evaluate the evidence. *See Akin* v. *First Nat'l Bank*, 25 Ark. App. 341, 345, 758 S.W.2d 14 (1988). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *RAD Razorback* v. *B.G. Coney Co., Ltd.*, 289 Ark. 550, 553, 713 S.W.2d 462 (1986).

■ Appellant contends that the evidence presented was not clear, unequivocal, and convincing to prove that a debt existed between his parents and Grace Alton and that the warranty deed was intended to secure such a debt. The parties' parents were unable to read or write, and there was no writing evidencing such a debt, and no party had any actual knowledge of the transaction between Grace Alton and the parties' parents. There was evidence, however, that the parties' parents had borrowed money using the thirty acres as collateral and that their parents borrowed money every spring on their crops and paid the money back later that year. There was also evidence that Grace Alton owned quite a bit of property and loaned money.

The parties to the transaction are deceased, and there was no evidence presented of their intentions at the time the deed was executed except the deed itself. Melinda Cash, an abstractor of twenty-one years with Searcy County Title Company, testified that there were ninety-six instruments with Grace Alton's name but only one notation where a deed was for a debt and it was dated July 20, 1944, and that most evidence of indebted-

ness had been satisfied by marginal notations on the record. She testified that there was no filed record which would affect the thirty acres after the warranty deed had been filed in 1945. She also testified that she checked the probate records on Grace Alton, which contained some forty-five orders that dealt with her property, but she did not find anything in the record pertaining to the thirty acres or indicating that Grace Alton claimed an interest in the thirty acres. The deed from the parties' parents was absolute on its face and had been recorded; however, the reverse side of the deed bore the handwritten notation "PAID DECEMBER 2— 1945 IN FULL GRACE M. ALTON." The deed was also in the possession of the parties' mother prior to her death, then in the possession of appellee Juanita Warren. It was also undisputed that Grace Alton had never occupied the property, that the property taxes had always been invoiced to the parties' father, Noah Davis, and that, since his death, all the parties had contributed to the payment of the taxes through their brother, appellee Webb Davis.

Clearly, all the parties involved in this lawsuit thought their parents held legal title to the property. Even appellant, George Davis, testified that he figured his father owned the thirty acres because his father offered him a deed to it. Grace Alton's estate has been closed since 1959, and there is no evidence that any-one other than the Davis family has claimed the property.

In reviewing the decisions of chancery courts on questions of this nature, great weight should be given the opinion of the trial court, as the chancellor may be apprised of the existence of circumstances which but dimly appeared to us from an examination of the record alone. *Brown* v. *Cole*, 27 Ark. App. at 216. The chancellor held that any thought that the deed was anything other than a mortgage is "ridiculous," and we cannot say this holding is clearly erroneous.

Nor do we disagree with the court's finding that appellant's use of the property had not become adverse to any of the parties herein. A tenant in common is presumed to hold in recognition of the rights of his cotenants, *Mitchell* v. *Hammons*, 31 Ark. App. 180, 184-85, 792 S.W.2d 333, 335 (1990), and until an actual ouster is shown, the law presumes that the possession of one co-owner is the possession of all. *Baxter* v. *Young*, 229 Ark.

1035, 1039, 320 S.W.2d 640, 643 (1959). Appellant admitted at trial that there were no acts of ouster.

Affirmed.

JENNINGS, C.J., and ROBBINS, J., agree.