Thelma Laster STEWART *v.* FIRST COMMERCIAL BANK

CA 96-1498                                      953 S.W.2d 592

Court of Appeals of Arkansas
Division IV
Opinion delivered October 8, 1997

*R. Ted Vandagriff*, for appellant.

*William Reed*, for appellee.

SAM BIRD, Judge. On January 22, 1988, Thelma Laster Stewart and Thearders Hall entered into a written contract by which Hall agreed to loan Stewart $2,000 in cash, pay off a $4,100 balance owed by Stewart to Farmers Credit Service, and pay future taxes on Stewart's fifty-seven acres in Lonoke County. The loan was to be repaid, plus interest "at a maximum rate allowed by law" and certain other specified expenses, on or before January 1, 1995. The contract provided:

> . . . [Stewart] agrees to deed the [fifty-seven acres] to Thearders Hall as security for the above specified loan and Thearders Hall will have the option (AT HIS DISCRETION) to use the [fifty-seven acres] as security for future loans for himself or whatever (use the property as his own and for his benefit . . . .[)]

Stewart's deed to Hall was recorded on January 22, 1988, and the written contract was recorded on October 13, 1989.

In May 1991, Hall used the fifty-seven acres as security to obtain a $40,300 loan from appellee, First Commercial Bank of Lonoke, secured by a mortgage in favor of First Commercial.

In 1992, appellant was ready to pay off her loan to Hall, but could not get Hall to communicate with her or to provide her with the amount of her loan balance. She filed suit against him to compel an accounting for her payments and a statement of the loan balance, and to obtain a judicial interpretation of her contract with Hall. As a result of that lawsuit, on August 31, 1992, the chancellor entered a decree by which he determined the amount of the balance owed by Stewart to Hall on the loan and declared that the deed from Stewart to Hall was given as security for the loan and not as an outright conveyance. He also ordered Hall to reconvey the land to Stewart, "subject to the right, title, and interest of First Commercial Bank of Lonoke," upon Stewart's payment of the amount due on her loan from Hall into the registry of the court, to be applied as a credit against money owed by Hall to First Commercial. Stewart paid the money, and Hall (after prompting by a contempt citation) conveyed the fifty-seven acres back to Stewart by warranty deed.

At approximately the same time that the above-described lawsuit between Stewart and Hall was taking place, Hall defaulted on his loan from First Commercial, and the bank filed a foreclosure action against him on May 15, 1992. A default judgment was entered. First Commercial purchased Hall's interest in the fifty-seven acres at the foreclosure sale and received a commissioner's deed.

First Commercial was not a party to the lawsuit between Stewart and Hall, and Stewart was not a party to the foreclosure suit between First Commercial and Hall. Thus, the status of the title to the fifty-seven acres at that point was that Stewart had a deed to herself from Hall describing the fifty-seven acres, pursuant to the decree of the chancery court, and First Commercial had a commissioner's deed to itself describing the fifty-seven acres, arising out of its foreclosure suit against Hall.

Because of these two competing claims to the fifty-seven acres by Stewart and First Commercial, in 1994 First Commercial

(hereinafter referred to as appellee) instituted a quiet-title action against Stewart (hereinafter referred to as appellant) in Lonoke County Chancery Court. The case went to trial, and upon stipulations and testimony, the chancellor entered a decree by which he fashioned the following solution: Since appellee had failed to give appellant notice of its foreclosure action, appellant would be given one year in which to redeem the property by paying the balance owed on Hall's $40,300 loan. If appellant failed to redeem the property within the year, the title would be quieted in appellee.

From that decree appellant brings this appeal arguing, first, that appellee did not meet the requirements for a statutory quiet title action as set forth in Ark. Code Ann. § 18-60-506 (1987); and second, that it would be inequitable for her, as an innocent victim, to bear the burden of paying Hall's $40,300 loan. We agree with appellant that appellee did not meet the requirements for maintaining a quiet-title action.

One other item of information is necessary to an understanding of our decision in this case. In connection with appellee's loan to Hall, appellee had obtained a title insurance policy covering the fifty-seven acres that contained the following "special exceptions":

1.  General Taxes and Special Assessments due for 1990 and subsequent years.
2.  Special Assessments due Improvement District #5 for the year 1990 and subsequent years.
3.  Lease Agreement by and between Willie Laster and Floyd Turner, dated November 17, 19___, filed December 27, 1978 in Miscellaneous Book 38 at page 778, records of Lonoke County, Arkansas. For a term of 15 years, beginning January 1, 1979 and ending the 31st day of September, 1993.
4.  Agreement executed by and between Thelma Laster Stewart and Thearders Hall, dated January 22, 1988 and filed for record October 13, 1989 at 3:20 PM in Miscellaneous Book 57 at page 164, records of Lonoke County, Arkansas.

The fourth of these "special exceptions" refers to the recorded contract between appellant and Hall that stated that the deed appellant gave to Hall on January 22, 1988, was given as security to Hall for his loan to appellant.

■ In deciding this case we recognize that we review chancery cases de novo. *Diener v. Ratterree*, 57 Ark. App. 314, 945 S.W.2d 406 (1997). We will not reverse the chancellor's findings unless they are clearly against the preponderance of the evidence or clearly erroneous. *RAD-Razorback Ltd. Partnership v. B.G. Coney Co.*, 289 Ark. 550, 713 S.W.2d 462 (1986). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

Arkansas Code Annotated § 18-60-506 (1987), provides as follows:

> If the petitioner cannot show a perfect claim of title to any particular tract or tracts of land, it shall be held to constitute a prima facie title if he shall show that he, and those under whom he claims, have had color of title to the land for more than seven (7) years and that during that time, he, or those under whom he claims, have continuously paid the taxes thereon.

We agree with appellant that the chancellor erred in ordering that title to the fifty-seven acres be quieted in appellee unless appellant redeemed the land by paying the balance owed on Hall's mortgage to it.

■ First, appellee did not show that it held title to the fifty-seven acres. It is obvious from the record, insofar as the parties hereto are concerned, that title to the land is vested in appellant. The chancellor in the lawsuit between appellant and Hall held that appellant's deed to Hall, although absolute on its face, was, in fact, a mortgage that secured Hall's loan to appellant. By virtue of the recorded contract between appellant and Hall and by its title insurance policy, appellee had both constructive and actual knowledge of the terms of the agreement between appellant and Hall. Any interest that Hall had in the fifty-seven acres by virtue of the contract and deed was subject to the equitable title retained by appellant, and when appellant paid her indebtedness to Hall, thereby satisfying the mortgage, Hall's interest (and thus appellee's interest) in the land ceased to exist. It is not unusual for a deed to be given as security for a loan instead of as an outright conveyance, and an examination of the agreement would have informed appellee of

the very strong possibility that appellant's deed to Hall would be treated as such. *See Fuller v. Fuller*, 240 Ark. 475, 400 S.W.2d 283 (1966); *Davis v. Davis*, 48 Ark. App. 95, 890 S.W.2d 280 (1995); *Brown v. Cole*, 27 Ark. App. 213, 768 S.W.2d 549 (1989). Appellee must therefore be charged with knowledge that Hall did not have good record title. *See generally, Taylor v. Scott*, 285 Ark. 102, 685 S.W.2d 160 (1985); *Midland Savings and Loan Co. v. Brooks*, 177 Ark. 470, 6 S.W.2d 828 (1928).

■ Since Hall did not have good title to the land, he could not, by his mortgage, convey good title to appellee. A grantee cannot receive greater title than its grantor has. *See generally Neal v. Stuckey*, 202 Ark. 1119, 155 S.W.2d 683 (1941); *Rust v. Kelley Brothers' Lumber Co.*, 180 Ark. 517, 21 S.W.2d 973 (1929).

■ Secondly, since appellee cannot show perfect title, it must, in order to quiet title to the land, meet the statutory requirements of color of title and payment of taxes for seven continuous years. There is very little evidence in the record regarding payment of taxes during the seven years preceding the institution of this quiet-title action, and even that evidence is inconclusive. The chancellor's decree in the contract case filed by appellant against Hall noted that Hall had paid $329.50 in taxes. Since the decree was entered on August 31, 1992, those taxes would have had to have been paid between 1988 and 1992. However, it is impossible to tell from the decree to which years these tax payments apply.

During the trial of this case, Steve Clark, appellee's loan officer, stated that he had no records regarding what property taxes, if any, appellee had paid during the preceding seven years. Charles Laster, appellant's son, testified that he made tax payments for his mother for "a couple of years." He provided a tax receipt for the 1992 property taxes and the 1993 improvement district taxes. Finally, the title insurance policy obtained by appellee in 1991 indicated that the taxes were due for 1990 and subsequent years. There is no evidence in the record regarding the payment of those taxes. The only evidence of appellee's payment of taxes is a handwritten note sent by the Lonoke County tax collector's office to Charles Laster. When Mr. Laster tendered a check in

1995 for the taxes, his check was returned to him by the tax collector, along with a note stating that the taxes were now in appellee's name and had been paid on October 18, 1995.

█ It was appellee's burden to prove that title should be quieted in it. *Corn v. Arkansas Warehouse Corp.*, 243 Ark. 130, 419 S.W.2d 316 (1967). Upon our review of the record, we cannot say that appellee has proven payment of taxes for seven continuous years, as required by Ark. Code Ann. § 18-60-506. Therefore, the chancellor's finding that title should be quieted in appellee is clearly erroneous.

In reaching this decision, we have not overlooked the language in the January 22, 1988, agreement between appellant and Hall by which appellant gave to Hall the option of using the fifty-seven acres as security for future loans for himself. Appellee seems to argue that this language vested in Hall the authority to mortgage the land to appellee notwithstanding the earlier language in the agreement that clearly stated that appellant's deed to Hall was given as security for Hall's loan to her. Even if we did hold that, by this language, Hall acquired an interest in the land that he could mortgage, such interest was subject to the right of appellant to extinguish that interest by the repayment of her loan to Hall.

Based upon the foregoing, we reverse and remand the chancellor's decree with directions to enter an order consistent with this opinion.

Reversed and remanded.

ROGERS and ROAF, JJ., agree.