Frank HENSLEE *v.* Joe and Pamela RATLIFF

CA 98-1133 989 S.W.2d 161

Court of Appeals of Arkansas
Division III
Opinion delivered April 7, 1999

*Rose Law Firm, A Professional Association*, by: *Richard T. Donovan*, for appellant.

*Bridges, Young, Matthews & Drake PLC*, by: *Michael J. Dennis*, for appellee.

JOHN MAUZY PITTMAN, Judge. This case concerns a transaction in which appellant deeded 200 acres of land to appellees. Approximately two years after the transaction, appellant filed suit in Jefferson County Chancery Court to have the deed construed as a mortgage rather than a sale. The case went to trial, and the chancellor found that the deed effected a conveyance, not a mortgage. Appellant appeals from that ruling, raising three issues. We find no error and affirm.

Appellant, a former legislator, businessman, and the holder of a real estate broker's license since 1984, owned 200 acres of what was primarily timber land in Jefferson County. He was in the habit of procuring funds by deeding the land to another for cash and retaining an option to repurchase. In 1993, he made such an arrangement with Dr. W.D. Brainard. By 1995, the arrangement required appellant to pay Dr. Brainard $26,000 or lose the land. Appellant approached several persons about borrowing money to pay off the Brainard debt and several other debts. One man, Shelby Taylor, offered to buy the land for $85,000. Appellant

rejected this option and instead approached appellee Joe Ratliff. On September 28, 1995, the two men entered into the transaction that is the subject of this case. Appellant executed a deed conveying the 200 acres to appellees, subject to the terms of an Offer and Acceptance containing the following relevant provisions: Joe Ratliff, referred to as "Buyer", was to "pay $36,000 for the property in cash." Appellant, referred to as "Seller" was given a one-year option to "repurchase" the property for $41,000, plus reimbursement of reforestation expenses, not to exceed $10,000. He was also given the option, within the two years following, to repurchase the property by paying $5,000 per year to keep the option alive. Finally, appellant reserved for himself, for as long as the repurchase option was in effect, hunting rights on the land and the exclusive use of a deer camp.

In 1996, appellant paid appellees $5,000 to extend his option to repurchase the property. In March 1997, a fire allegedly caused by a Union Pacific train damaged 130 acres of timber on the property. A dispute arose between appellant and appellees as to who would benefit from a tort claim to be asserted against Union Pacific. Appellant filed suit, asking that he be declared the equitable owner of the property and that appellees be declared mortgage holders. Appellees answered that the deed between the parties evidenced a purchase rather than a loan, making them the outright owners of the property and owners of the claim against Union Pacific.

After a hearing, the chancellor held that appellant had not met his burden of proving by clear and convincing evidence that the transaction was meant to be a loan rather than a sale. He declared appellees owners of the land at the time of the fire loss and the proper recipients of any recovery from Union Pacific.[1]

 Appellant's first argument is that the chancellor erred in finding the parties' transaction was a sale rather than a mortgage. A grantor may show that a deed, absolute on its face, was intended only to be security for the payment of a debt and thus was in

---

[1] Appellant exercised his option to repurchase the land from appellees on October 1, 1997, several months after the fire.

actuality a mortgage. *Newport v. Chandler*, 206 Ark. 974, 178 S.W.2d 240 (1944); *Duvall v. Laws, Swain & Murdoch, P.A.*, 32 Ark. App. 99, 797 S.W.2d 474 (1990). A court of equity will treat a deed, absolute in form, as a mortgage when it is executed for the loan of money or as security for a debt. *Nelson v. Nelson*, 267 Ark. 353, 590 S.W.2d 293 (1979). However, the law presumes that a deed, absolute on its face, is what it appears to be. *Davis v. Davis*, 48 Ark. App. 95, 890 S.W.2d 280 (1995). The party claiming that a deed is in fact a mortgage has the burden of proving it. *Id.* The evidence establishing the transaction as a mortgage must be clear, unequivocal, and convincing. *Wensel v. Flatte*, 27 Ark. App. 5, 764 S.W.2d 616 (1989). Clear and convincing evidence is that degree of proof that will produce in the trier of fact a firm conviction of the allegations sought to be established. *Balch v. Leader Federal Bank*, 315 Ark. 444, 868 S.W.2d 47 (1993).

On appeal, chancery cases are reviewed *de novo*, but we will not reverse the chancellor's findings unless they are clearly erroneous. *Brown v. Cole*, 27 Ark. App. 213, 768 S.W.2d 549 (1989). Our test on review in a case such as this one is not whether we are convinced that there is clear and convincing evidence to support the chancellor's findings but whether we can say that the chancellor's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Davis v. Davis, supra.*

The question of whether a deed absolute on its face, when construed together with a separate agreement or option to repurchase, amounts to a mortgage or a conditional sale depends on the intention of the parties in light of all attendant circumstances. *Duvall v. Laws, Swain & Murdoch, P.A., supra.* The chancellor may consider the written terms of the parties' contract, the circumstances of the parties, the property conveyed, its value, the price paid for it, defeasances, and the acts and declarations of the parties. *Wimberly v. Scoggin*, 128 Ark. 67, 193 S.W. 264 (1917).

The parties' proof at trial reveals circumstances that point to the transaction's character as a mortgage as well as circumstances that point to its character as a conditional sale. Appellant testified

that he did not regard the transaction as a sale. He stated that he told appellee Joe Ratliff he did not want to sell the property, and he turned down an offer from Shelby Taylor to buy the property for $85,000. He presented expert testimony that the land was worth approximately $100,000, considerably more than the $36,000 paid by appellees. He also testified that, during the period when appellees held legal title, he made improvements on the deer camp located on the property. On the other hand, appellee Joe Ratliff testified that he had refused to loan money to appellant, but told him that he (Ratliff) would buy the property. Ratliff estimated the value of the land to be $40,000. He presented evidence that, at the time the transaction was closed, he and his wife paid a prorated portion of the 1995 property taxes and paid the 1996 taxes on October 9, 1997, the day before they were due. They also paid an additional premium for liability insurance on the property and defended a lawsuit involving a road on the property. Although appellees did not reforest the land, they spoke with a surveyor and the Forestry Department about reforesting in the future. Finally, they presented the testimony of Jimmy Dill, president of the Pine Bluff Title Company. Dill testified that he issued an owner's title insurance policy rather than a mortgagee's policy and that he took other steps that were indicative of a sale, such as using real-property-transfer tax stamps and issuing a 1099 tax form.

When evidence in a case is conflicting or evenly poised or nearly so, the judgment of the chancellor who had the opportunity to see and hear the witnesses in evaluating the evidence is persuasive. *O'Bannon v. O'Bannon*, 268 Ark. 823, 597 S.W.2d 825 (Ark. App. 1980). In reviewing questions such as the one presented in this case, great weight should be given to the opinion of the chancellor. *Davis v. Davis, supra.* In light of the language used in the parties' deed and contract, appellant's familiarity with real estate transactions,[2] and the circumstances surrounding the case, we cannot say that the chancellor's finding was clearly erroneous.

---

[2] A factor that distinguishes this case from *Ehrlich v. Castleberry*, 227 Ark. 426, 299 S.W.2d 38 (1957).

■ It is also noteworthy that appellant and appellees agreed at trial that appellees could not have forced appellant to pay the consideration named in the Offer and Acceptance for reconveyance. When such payment cannot be compelled, the transaction is generally regarded as a conditional sale. *See Newport v. Chandler, supra; Duvall v. Laws, Swain & Murdoch, P.A., supra.*

The final two points on appeal concern the trial court's finding that appellees were entitled to the settlement proceeds with Union Pacific and appellant's claim that the transaction was usurious. Because these issues are dependent upon resolution of the first issue in appellant's favor, we need not address them.

Affirmed.

ROBBINS, C.J., and CRABTREE, J., agree.